IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

Plaintiff

v.

TYKWAN MARKWA DEVON MCGEE

Defendant.

Case No. 22-CR-19-JFH

## OPINION AND ORDER

Before the Court is a Motion to Sever ("Motion") filed by Defendant Tykwan Markwa Devon McGee ("Defendant"). Dkt. No. 49. Defendant's Motion asks the Court to sever trial on Counts One and Two of the Indictment under Federal Rule of Criminal Procedure 14 and the right to a fair trial under the Fifth and Sixth Amendments. *Id*. at 1. The Government filed a response in opposition ("Response"). Dkt. No. 82. For the following reasons, Defendant's Motion [Dkt. No. 49] is DENIED.

## BACKGROUND

On February 8, 2022, Defendant was indicted on two counts: (1) Aggravated Sexual Abuse of a Child in Indian Country, in violation of 18 U.S.C. §§ 2241(c), 2246(c), 1151, and 1153; and (2) Aggravated Sexual Abuse in Indian Country, in violation of 18 U.S.C. §§ 2241(a), 2246(2)(A), 1151, and 1153. Dkt. No. 17. Count One alleges that on or about January 12, 2022, Defendant, an Indian, engaged in a sexual act, as defined by the statute, by penetrating the genital opening of D.R., a minor child under the age of twelve years, with his finger. *Id*. at 1. Count Two alleges between May 2021 and August 2021, Defendant, an Indian, caused S.R. to engage in a sexual act, as defined by the statute, by penetration between the penis and the vulva by use of force and by threatening and placing S.R. in fear of death, serious bodily injury, and kidnapping. *Id*. at 1-2.

## AUTHORITY AND ANALYSIS

Federal Rule of Criminal Procedure 8(a) provides:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged--whether felonies or misdemeanors or both--are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

The Tenth Circuit has explained, "[a]s a general rule, we 'construe Rule 8(a) broadly to allow liberal joinder to enhance the efficiency of the judicial system.'" *United States v. Jones*, 530 F.3d 1292, 1298 (10th Cir. 2008) (quoting *United States v. Johnson*, 130 F.3d 1420, 1427 (10th Cir. 1997)). In applying Rule 8(a), the facts and circumstances of the particular case must be considered. *United States v. Bailey*, 952 F.2d 363, 365 (10th Cir. 1991). This determination is within the discretion of the trial court and strong evidence of prejudice must be shown by the defendant. *See id.* The Court must weigh the possibility of prejudice to a defendant against the benefit to the public from avoidance of unnecessary repetition and duplication of evidence, and the elimination of extra expense and time-consuming delays preventing achievement of speedy trial. *Id.*

Federal Rule of Criminal Procedure 14(a) provides:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

To prevail on a motion to sever, a defendant must demonstrate that the joinder would cause actual prejudice to his defense that outweighs the expense and inconvenience of separate trials. *United States v. Thomas*, 849 F.3d 906, 911-12 (10th Cir. 2017). To demonstrate prejudice, a defendant must show the right to a fair trial is threatened or actually impaired. *Id.* In determining a motion to sever, a court must also consider other remedial measures that will minimize the risk

of prejudice. *See United States v. Lane*, 883 F.2d 1484, 1498 (10th Cir. 1989). Limiting instructions often will cure any risk of prejudice. *See Zafiro v. United States*, 506 U.S. 534, 539 (1993).

In support of his Motion, Defendant argues that the alleged acts, as between Count One and Count Two, "are not remotely similar" because Count One involves the alleged sexual abuse of Defendant's eight-year-old stepchild by digital penetration in early 2022, while Count Two involves the alleged sexual abuse of Defendant's long-term girlfriend by penetration between the penis and the vulva by use and threat of violence in mid-2021. Dkt. No. 49 at 3-4. Defendant argues that "because child incest has a 'rare power to disgust,'" a jury who hears evidence of Defendant's alleged molestation of his step-daughter, S.R., would not be able to fairly evaluate the evidence of the alleged sexual assault of D.R., his long-term-girlfriend. *Id*. (internal citations omitted). Likewise, Defendant argues that a jury who hears evidence of Defendant's alleged violent and forcible rape of D.R., would not be able to fairly evaluate the evidence of the alleged sexual assault of S.R. *Id*. at 4.

The Government argues that Defendant's Motion should be denied as he has not overcome the preference for trying all charged conduct in a single trial. Dkt. No. 82 at 1. The Government points out that, contrary to Defendant's assertions otherwise, the counts have several similarities: Defendant engaged in acts of sexual abuse with individuals who where members of the same household, Defendant had access to both S.R. and D.R. because of Defendant's relationship with S.R., the sexual assaults took place at the same residence, and S.R. was witness to the sexual abuse of D.R. *Id*. at 1, 3-4. The Government further explained that there will be significant overlap in both the evidence and testimony as to Counts One and Two. *Id*. at 3-4. Although not identical, the Government urges that enough commonality exists to connect the acts as part of a common

scheme or plan. *Id*. at 4.

The Court agrees with the Government that the charged counts are of the same or similar character and are connected with a common scheme or plan as to warrant joinder. Each incident involved Defendant sexually abusing a member of the same household, at the same residence. Defendant's access to D.R. and S.R. was dependent upon Defendant's relationship with S.R. Further, although the two incidents are separated in time, the acts occurred within, at the most, eight (8) months of each other and, according to the Government, will significantly overlap in both evidence and testimony. *See* Dkt. No. 17; *see also* Dkt. No. 82 at 3-4. The Court concludes that joinder is warranted under the circumstances presented here.

Next, Defendant argues that severance is proper here because if the counts were severed then evidence of the alleged "other acts" against D.R. would not be admissible in the trial of Count One (S.R.), and vice versa, under Federal Rule of Evidence 414. Dkt. No. 49 at 4. However, that is not the situation before the Court and the Court declines Defendant's invitation to perform legal gymnastics. The situation before the Court is that Defendant has been properly indicted for two different offenses against two different victims. Dkt. No. 17. There is no reason for the Court to perform a Rule 414 analysis.

Finally, the Court finds that Defendant has not sufficiently shown that his right to a fair trial is threatened or actually impaired. Nor has Defendant shown that any prejudice he may suffer outweighs the expense and inconvenience of separate trials. Improper joinder will result in a constitutional violation "only if it results in prejudice so great as to deny a defendant his ... right to a fair trial." *Lucero v. Kerby*, 133 F.3d 1299, 1314 (10th Cir.1998) (quotation omitted). The Court finds that under the circumstances here, a limiting instruction would be adequate to cure any potential prejudice resulting from a joint trial.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion to Sever [Dkt. No. 49] is DENIED.

DATED this 10th day of November 2022.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE