IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        **Plaintiff,**<br><br>v.<br><br>**TYKWAN MARKWA DEVON MCGEE,**<br><br>        **Defendant.** | Case No. 22-CR-019-JFH |

## OPINION AND ORDER

Before the Court is a Notice of Intent to Admit Evidence of Other Crimes, Wrongs, or Acts ("Notice") filed by the United States of America (the "Government") under Federal Rule of Evidence 404(b). Dkt. No. 80. Defendant Tykwan Markwa Devon McGee ("Defendant") did not file an objection to the Notice, but rather filed a Motion to Strike ("Motion") the Notice for failing to offer any "reasoning to support the purpose of introducing the evidence" as required under Fed. R. Evid. 404(b). Dkt. No. 87. For the following reasons, the evidence described in the Government's Notice [Dkt. No. 80] is INADMISSIBLE and Defendant's Motion [Dkt. No. 87] is DENIED as moot.

## BACKGROUND

On February 8, 2022, Defendant was indicted on one count of Aggravated Sexual Abuse of a Child in Indian Country, in violation of 18 U.S.C. §§ 2241(c), 2246(2)(C), 1151, and 1153, and one count of Aggravated Sexual Abuse in Indian Country, in violation of 18 U.S.C. §§ 2241(a), 2246(2)(A), 1151, and 1153. Dkt. No. 17. These charges accuse Defendant of molesting D.R. and sexually assaulting S.R. *Id.*

D.R. is S.R.'s eight-year-old daughter. Dkt. No. 80 at 1. At the time of the offense against D.R., Defendant and S.R. had been in an on-going tumultuous relationship. *Id.* When S.R.

reported Defendant's assault of D.R. to the police, S.R. also disclosed that Defendant had sexually assaulted S.R. several months prior. *Id*. at 3.

## ARGUMENT AND AUTHORITY

A.   **Intrinsic versus extrinsic evidence**

When considering admissibility of prior bad acts, the Court must "distinguish between evidence that is extrinsic or intrinsic to the charged crime." *United States v. Kupfer*, 797 F.3d 1233, 1238 (10th Cir. 2015) (citing *United States v. Pace*, 981 F.2d 1123, 1135 (10th Cir. 1992), *abrogated on other grounds as recognized in United States v. Bell*, 154 F.3d 1205, 1209-10 (10th Cir. 1998)). Intrinsic evidence is "directly connected to the factual circumstances of the crime and provides contextual or background information to the jury." *United States v. Murry*, 31 F.4th 1274, 1290-91 (10th Cir. 2022) (quotations omitted). Extrinsic evidence "is extraneous and is not intimately connected or blended with the factual circumstances of the charged offense." *Id.* at 1291. If the Court determines the evidence at issue is extrinsic, it must conduct a Rule 404(b) analysis. *Kupfer*, 797 F.3d at 1238.

The Government states that it seeks to introduce evidence from Defendant's twelve (12) prior criminal cases from 2014 to 2021, as well as evidence of an incident in which Defendant slashed S.R.'s tires and punched her in the face. Dkt. No. 80 at 4-6. Defendant's prior criminal cases include the following charges: knowingly concealing stolen property, malicious injury to property, obstructing an officer, possession of marijuana, attempted burglary, endangering others while eluding a police officer, breaking and entering, domestic assault and battery, and threatening to perform an act of violence. *Id*. at 5-6. The charges in these cases are wholly different and unrelated to the present charges of aggravated sexual abuse. Therefore, any evidence regarding

2

Defendant's conduct related to these cases is "extraneous and is not intimately connected or blended with the factual circumstances of the charged offense." *See Murry*, 31 F.4th at 1291.

Likewise, evidence that Defendant slashed S.R.'s tires and punched S.R. in the face is also extrinsic. While S.R. stated that this incident occurred in 2021, the same year that Defendant allegedly sexual assaulted S.R., the Notice indicates that this was not part of the same occurrence. Because the prior bad acts are not directly connected to the factual circumstances of the charged conduct, the Court finds that they are extrinsic evidence and the Court will proceed with the Rule 404(b) analysis.

**B.     Rule 404(b)**

Rule 404(b) provides, in pertinent part:

> Evidence of a crime, wrong or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
> …
> This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(b). In weighing the admissibility of evidence under Rule 404(b), the Court must consider four factors: (1) whether the evidence is offered for a proper purpose; (2) its relevancy; (3) whether the probative value of the evidence is substantially outweighed by the prejudicial effect; and (4) the court must give a limiting instruction if the defendant so requests. *Huddleston v. United States*, 485 U.S. 681, 691 (1988); *United States v. Mares*, 441 F.3d 1152, 1156 (10th Cir. 2006); *United States v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000).

Regarding the first factor, Rule 404(b) requires the Government to "articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B). In other words, the Government must

specifically state for what purpose the evidence is offered—to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident—and it must demonstrate how the evidence supports that particular purpose. *Id*.

Here, the Government states, generally, that it seeks to introduce evidence of Defendant's prior acts to "prove Defendant's intent, identity, absence of mistake, and/or lack of accident." *Id*. at 6. However, the Notice does not provide any explanation as to how the evidence supports each purpose. Without such explanation, the Court cannot determine whether the evidence is offered for a proper purpose under Fed. R. Evid. 404(b) and the analysis ends here.

However, even if offered for a proper purpose, the Court finds that the prior acts are not relevant to the Government's case. As discussed *supra*, the prior bad acts, as described in the Notice, are wholly different and unrelated to the present charges of aggravated sexual abuse. For these reasons, the evidence described in the Government's Notice is not admissible under Fed. R. Evid. 404(b).

## CONCLUSION

IT IS THEREFORE ORDERED that the evidence described in the Government's Notice of Intent to Admit Evidence of Other Crimes, Wrongs, or Acts [Dkt. No. 80] pursuant to Federal Rule of Evidence 404(b) is INADMISSIBLE, and Defendant's Motion to Strike Government's Notice of Intent to Admit Evidence of Other Crimes, Wrongs, or Acts [Dkt. No. 87] is DENIED as moot.

DATED this 27th day of December 2022.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE