# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| v. | Case No. 22-CR-019-JFH |
| **TYKWAN MARKWA DEVON MCGEE,** | |
| **Defendant.** | |

## OPINION AND ORDER

Following the development of facts as this case approaches trial, the Court *sua sponte* revisits its previous ruling [Dkt. No. 86] on the motion to sever trial ("Motion") filed by Defendant Tykwan Markwa Devon McGee ("Defendant") [Dkt. No. 49]. In his Motion, Defendant asked the Court to sever trial on Counts One and Two of the indictment under Fed. R. Crim. P. 14. Dkt. No. 49 at 1. In its order denying the motion, the Court found that Defendant had not sufficiently shown that his right to a fair trial was actually threatened or impaired, nor that any prejudice outweighed the expense and inconvenience of separate trials. Dkt. No. 85 at 4. However, as the facts and circumstances surrounding Counts One and Two have been more fully fleshed out in the parties' briefing leading up to trial, the Court finds that separate trials as to Counts One and Two is appropriate and necessary.

## FACTUAL BACKGROUND

This action arises out of the alleged sexual assaults of S.R. and D.R. At the time of the charged conduct, Defendant and S.R. were in an "on-going tumultuous relationship." Dkt. No. 90 at 2. D.R. is S.R.'s child and was eight years old at the time of the charged conduct. Dkt. No. 115 at 1.

On January 11, 2022, S.R. asked Defendant to watch her children, including D.R. *Id.* Defendant agreed and stayed that night at S.R.'s apartment and continued to watch the children into the following day. *Id.* On January 12, 2022, upon waking up from a nap in her apartment living room, S.R. entered her bedroom where she observed Defendant "standing behind [D.R.] with his penis exposed." *Id.* S.R. described seeing D.R. lying face down on the bed "with her pants and underwear pulled down below her butt and her feet hanging off the end of the bed. [Defendant] was standing behind D.R. without a shirt on, with a blanket draped over his back, and with his boxers down around his knees. [D]efendant was pulling D.R.'s pants further down when S.R. entered the bedroom." Dkt. No. 115 at 1-2. When confronted by S.R., Defendant fled the apartment, jumping off the second floor balcony. *Id.* at 2.

The Admore Police Department responded to S.R.'s apartment. *Id.* Upon the advice of law enforcement, S.R. took D.R. to the emergency room for an initial medical clearance. Later that night, law enforcement arranged for a forensic interview and an examination by a Sexual Assault Nurse Examiner ("SANE") at Sara's Project, a victim advocacy center in Ardmore, Oklahoma. Dkt. No. 109 at 2. A law enforcement officer was present at Sara's Project during the forensic interview. *Id.* D.R. identified Defendant as her abuser to both the forensic interviewer and the SANE nurse. Dkt. No. 115 at 2.

The following morning, S.R. was interviewed by FBI Special Agent Kum regarding the incident with D.R. Dkt. No. 115 at 3. During the interview, S.R. recounted an unrelated incident in which Defendant sexually abused S.R. in the summer of 2021. *Id.* S.R. recounted that she allowed Defendant to shower at her apartment while her children were not home. *Id.* After his shower, Defendant began touching S.R. and undressing her, despite her saying no. *Id.* When S.R. attempted to physically stop Defendant, "he choked her to the point that she felt she was going to

pass out." *Id*. When S.R. realized that she was losing consciousness, she stopped resisting and Defendant proceeded to vaginally rape her. Dkt. No. 115 at 3.

On February 8, 2022, Defendant was charged by indictment with two counts. Dkt. No. 17. Count One charges Defendant with Aggravated Sexual Abuse of a Child in Indian Country, in violation of 18 U.S.C. §§ 2241(c), 2246(2)(C), 1151, and 1153, arising out of the alleged sexual assault of D.R. *Id*. at 1. Count Two charges Defendant with Aggravated Sexual Abuse in Indian Country, in violation of 18 U.S.C. §§ 2241(a), 2246(2)(A), and 1153, arising out of the alleged sexual assault of S.R. *Id*. at 1-2. This case is on the Court's February 5, 2024 jury trial docket. Dkt. No. 149.

## AUTHORITY AND ANALYSIS

Federal Rule of Criminal Procedure 8(a), which governs the joinder of offenses, provides:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a). Offenses properly joined under Rule 8(a) are typically tried together. A district court, however, possesses the authority to order separate trials on separate offenses if joinder of the offenses "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). A defendant seeking severance of offenses carries the heavy burden of showing real prejudice from the joinder of the counts, such as "a serious risk that a joint trial would compromise a specific trial right . . . or prevent the jury from making a reliable judgment about guilt or innocence" on a specific count. *United States v. Clark*, 717 F.3d 790, 818 (10th Cir. 2013). The Tenth Circuit has acknowledged that:

> The joinder of multiple offenses in a single trial may result in prejudice to a defendant because the jury may use the evidence of one of the crimes charged to infer a criminal disposition on the part

3

>of the defendant from which is found his guilt of the other crime or crimes charged. The jury may also confuse or cumulate the evidence of the various crimes charged and find guilt when, if considered separately, it would not so find.

*Lucero v. Kerby*, 133 F.3d 1299, 1314 (10th Cir. 1998) (internal citations omitted).

When evaluating the joinder of similar but unrelated charges under Rule 14(a), the district court must first weigh the risk that the joint presentation of evidence will, given the particular facts, deprive the defendant of a fair trial. *See Clark*, 717 F.3d at 818.  Some circuits suggest that in ruling on a pretrial motion to sever, the district court must determine whether evidence admissible as to one count would be inadmissible as to another count should the severance be granted. *See United States v. Lewis*, 787 F.2d 1318, 1321 (9th Cir. 1986); *United States v. Busic*, 587 F.2d 577, 585 (3d Cir. 1978), *rev'd on other grounds*, 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980). The Tenth Circuit has declined to adopt such a per se rule. *See United States v. Valentine*, 706 F.2d 282, 290 (10th Cir. 1983).  Regardless, the Court finds that the instant case presents a unique situation where evidence of the sexual assault alleged in Count One would be inadmissible in a trial solely on Count Two, and vice versa.  Additionally, the Court finds that joinder of the counts here appears to prejudice Defendant and creates a serious risk that a single trial on the two counts would compromise Defendant's right to a fair trial or otherwise interfere with the jury's ability to make a reliable judgment about guilt or innocence as to each count independently.  For these reasons, as explained more fully below, the Court finds that severance is necessary.

  a) **Rule 413**

The Federal Rules of Evidence generally prohibit "the admission of evidence for the purpose of showing a defendant's propensity to commit bad acts." *United States v. Benally*, 500 F.3d 1085, 1089 (10th Cir. 2007) (citing Fed. R. Evid. 404(a)).  However, "[i]n a criminal case in which a defendant is accused of a sexual assault, the court may admit evidence that the defendant

4

committed any other sexual assault.  The evidence may be considered on any matter to which it is relevant."  Fed. R. Evid. 413(a).  Rule 413 evidence:

> must meet three threshold requirements before it may be considered for admission . . .
>
> (1) the defendant is accused of a crime involving sexual assault or child molestation;
>
> (2) the evidence proffered is evidence of the defendant's commission of another offense or offenses involving sexual assault or child molestation; and
>
> (3) the evidence is relevant.

*Benally,* 500 F.3d at 1090 (internal citations omitted).  Once evidence meets *Benally*'s initial requirements, it is still "subject to the Rule 403 balancing test, which permits the exclusion of relevant evidence, if its probative value is substantially outweighed by the danger of unfair prejudice."  *Id.* (internal quotation marks and citation omitted); *see* Fed. R. Evid. 403.

*Benally* first requires a defendant be accused of a crime involving sexual assault or child molestation.  For purposes of Rule 413, sexual assault includes "any conduct prohibited by 18 U.S.C. chapter 109A . . . ."  Fed. R. Evid. 413(d).  Counts One and Two of the indictment charge Defendant with conduct prohibited by 18 U.S.C. chapter 109A.  The first *Benally* factor is satisfied here.

*Benally* next requires that the proffered evidence involves other sexual assault.  As both Counts One and Two charge Defendant with sexual assault as defined by Fed. R. Evid. 413(d), evidence of either assault proffered in an individual trial on the other count would satisfy the second *Benally* factor.

Finally, *Benally* requires that the proffered evidence be relevant.  Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of

the action more probable or less than it would be without the evidence." Fed. R. Evid. 401. Relevance of Rule 413 evidence is explained by its legislative history, which relied "on the premise that evidence of other sexual assaults is highly relevant to prove propensity to commit like crimes." *United States v. Batton*, 602 F.3d 1191, 1196 (10th Cir. 2010) (internal quotation marks and citation omitted); *see also* 23 Charles Alan Wright et al., *Fed. Prac. & Proc. Evid.* § 5385 (April 2020 update) ("The legislative history makes clear that the drafters and Congress believed that evidence under Rules 413, 414, and 415 is relevant to prove propensity and that this includes the defendant's propensity to commit sexual assault or child molestation.").

In reviewing the facts and circumstances surrounding the alleged assaults of S.R. and D.R., the Court finds that they are not particularly relevant to one another. While the Court acknowledges that the assaults involved members of the same household and occurred in the same residence within approximately eight months of one another, there are fundamental differences between the two. For instance, S.R. was Defendant's adult, long-term girlfriend at the time of the alleged assault. Further, the alleged assault of S.R. was by physical force. S.R. stated that Defendant forced himself on her despite her telling him "no" and choked her to the point of almost losing consciousness. In contrast, D.R. was eight years old and Defendant was regarded as a type of father figure to her at the time of the alleged assault. Additionally, there seem to be no allegations of physical force surrounding the alleged assault of D.R. In light of these key differences, the Court finds that evidence of Defendant's alleged assault of S.R. does not have the tendency to make the allegations against Defendant concerning D.R. any more or less probable. The Court likewise finds that evidence of Defendant's alleged assault of D.R. does not have the tendency to make the allegations against Defendant concerning S.R. any more or less probable. Therefore, the third *Benally* factor is not satisfied and the Court finds that evidence of either assault

proffered in an individual trial on the other count would not be admissible and, therefore, severance of the counts is appropriate.

### b) Prejudice

Alleged sexual assault is plainly prejudicial. However, defendants are not protected from all prejudice, only unfair prejudice. *United States v. Curtis*, 344 F.3d 1057, 1067 (10th Cir. 2003) (internal citations omitted). "Evidence is not unfairly prejudicial simply because it is damaging to an opponent's case. Rather, the evidence must have 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" *United States v. Martinez*, 938 F.2d 1078, 1082 (10th Cir. 1991) (quoting Fed. R. Evid. 403 advisory committee notes). Due to the emotional and highly inflammatory nature of the charged crimes here, the Court finds it likely that the jury may use the evidence of one of the crimes charged to inappropriately infer Defendant's guilt as to the other crime charged. Although limiting instructions often cure the risk of prejudice and this Court routinely instructs juries to consider counts separately, the Court finds that the unique circumstances here are likely to compromise the jury's ability to make a reliable judgment about guilt or innocence as to each count independently. Coupled with the distinct differences between the crimes charged, as explained above, the Court finds that severance of the counts is the most appropriate remedy and, therefore, exercises its discretion under Fed. R. Crim. P. 14(a) to order separate trials as to Counts One and Two.

## CONCLUSION

IT IS THEREFORE ORDERED that Counts One and Two of the Indictment [Dkt. No. 17] are SEVERED. The Court will proceed with trial on Count One as previously scheduled on the Court's February 5, 2024 jury trial docket. The Court will proceed with trial on Count Two on the Court's March 4, 2024 jury trial docket, and will issue a separate scheduling order in this regard.

IT IS FURTHER ORDERED that, for the reasons discussed in this Order, evidence of Defendant's alleged sexual assault of S.R. is INADMISSBILE in the trial on Count One. Likewise, evidence of Defendant's alleged sexual assault of D.R. is INADMISSIBLE in the trial on Count Two.

DATED this 17th day of January 2024.

                                             JOHN F. HEIL, III
                                             UNITED STATES DISTRICT JUDGE